UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY WASHINGTON,

       Plaintiff,

                                      Case No. 10-cv-12233

v.

                                      Paul D. Borman
                                      United States District Judge

DR. EDDIE JAMES JENKINS, et al.

                                      Paul J. Komives
                                      United States Magistrate Judge

       Defendants.
_____/

## ORDER DENYING DEFENDANT'S OBJECTIONS
## TO MAGISTRATE JUDGE'S FEBRUARY 6, 2013 ORDER (Dkt. No. 98)

       Before the Court is Defendant Dr. Eddie James Jenkins' Objections to Magistrate Judge Paul J. Komives' February 6, 2013 Order. (Dkt. No. 98). The pertinent Order (1) granted Plaintiff's March 15, 2012 Motion to permit the late filing of an expert report and file a first amended complaint, (2) granted the Michigan Department of Community Health ("MDCH") motion to intervene, and (3) deemed Defendant CMS and Defendant Jenkins' March 30, 2012 Motion for Summary Judgment withdrawn without prejudice. (Dkt. No. 90).

       Plaintiff originally filed this action against fourteen (14) defendants and alleges deliberate indifference to his medical needs which caused Plaintiff to have his leg amputated below the knee. Defendant Jenkins is now the sole remaining Defendant in the current action. (*See* Dkt. No. 82).

       Defendant Jenkins lodges two objections to the Magistrate's Order: (1) objecting to the Magistrate Judge's order allowing Plaintiff to file an expert affidavit for the reason that the affidavit was untimely and not substantially justified or harmless under Fed. R. Civ. P. 37(c)(1); and (2)

objects to the withdrawal of his Motion for Summary Judgment where no new claims have been added and discovery is closed.

This Court cannot reverse a magistrate judge's opinion on a non-dispositive matter unless that decision was "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). The United States Supreme Court and the Sixth Circuit have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir 2992) (quoting *U.S. Gypsum Co.*).

The Court notes that this standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently. *See Anderson v. City of Bessemer City., N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994)). As a result the reviewing court must employ "independent judgment with respect to the magistrate judge's conclusions of law." *Id*.

With this standard of review in mind, the Court now turns to Defendant Jenkins' two objections.

**A.     Plaintiff's Motion to File Late Expert Report**

Defendant Jenkins argues that allowing the late expert affidavit is not substantially justified under Fed. R. Civ. P. 37(c). Further, Defendant claims it will be prejudiced or harmed by the Court allowing Plaintiff to file the late expert report.

The Court has reviewed Plaintiff's underlying Motion on this issue. (Dkt. No. 67). The Court has also duly considered Defendant's response and Plaintiff's reply in this matter. The Court notes that the Magistrate Judge's Order does not set forth the reasoning for granting Plaintiff's request to file a late expert affidavit for Dr. Wayne Flye. However, the Court finds that this does not necessitate a finding that the order is clearly erroneous or contrary to law. Indeed, having considered the Plaintiff's and Defendant's arguments on the issue as set forth in the underlying briefing it is clear that there was some sort of misunderstanding regarding whether Plaintiff and Defendant had agreed to not to file expert reports. Further, the Court finds that this misunderstanding (created by attorneys or perhaps one attorney) has created a situation in which the Plaintiff would potentially be greatly harmed by the exclusion of the expert report while the Defendant would suffer little prejudice if the report was allowed to be filed.

Plaintiff has offered to allow a deposition of Dr. Flye to occur at his expense and there has never been a trial date set in this matter such that the delay will impact an imminent trial. Further, the record supports the fact that the parties had been working together in the past to come to a settlement such that discovery was previously extended piecemeal and other depositions were taken past the close of discovery. Therefore, allowing this late filing can be found to be substantially justified as required under Fed. R. Civ. P. 37(c)(1).

As a result, the Court finds that the Magistrate's Order granting Plaintiff's Motion to allow a late expert report (Dkt. No. 67) is not contrary to law and Defendant's objection is denied.

**B.     Withdrawal of Defendant Jenkins' Motion for Summary Judgment**

On March 30, 2012 Defendants CMS and Jenkins filed a motion for summary judgment. (Dkt. No. 72). Plaintiff filed his response on May 11, 2012. (Dkt. Nos. 84 & 86).[1] On June 5, 2012, Defendant Jenkins filed a reply.[2]

In the February 6, 2013 Order, the Magistrate Judge explained that Defendants' summary judgment motion should be withdrawn without prejudice in light of the fact that Plaintiff was allowed to file an amended complaint and also allowed to file a late expert report. (*See* Order at 5). Defendant Jenkins objects to this decision and argues that the motion for summary judgment should not have been withdrawn because Plaintiff's amended complaint did not add any new claims and the summary judgment motion as well as the reply contemplated and addressed the expert affidavit of Dr. Flye. Defendant also notes that no discovery has taken place in this case since the summary judgment motion was filed.

The Court finds that the Magistrate Judge's reasons for withdrawing the motion for summary judgment without prejudice are not clearly erroneous. In light of the fact that Plaintiff was allowed to file an amended complaint and also file a late expert affidavit withdrawing the motion for summary judgment without prejudice is not clearly erroneous. Further, as the motion was

---

[1] The Court notes that Defendants' Motion for Summary Judgment as well as Plaintiff's response were allowed to be filed with excess pages. Further, Plaintiff filed a correction to his response on May 14, 2012. (*See* Dkt. No. 86).

[2] The reply to the Motion for Summary Judgment does not include Defendant CMS as it was dismissed by stipulation before the reply was due. (*See* Dkt. No. 84).

withdrawn without prejudice Defendant Jenkins has the ability to refile the same or similar motion at a later date.

## IV. CONCLUSION

For the reasons stated above, the Court will DENY Defendant Jenkins' Objections to the Magistrate's Order (Dkt. No. 98).

**IT IS SO ORDERED.**


                                         s/Paul D. Borman
                                         PAUL D. BORMAN
                                         UNITED STATES DISTRICT JUDGE

Dated:  December 13, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 13, 2013.


                                         s/Deborah Tofil
                                         Case Manager