UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JERRY WASHINGTON,

        Plaintiff,

MICHIGAN DEPARTMENT OF     Civil Action No. 10-12233
COMMUNITY HEALTH,           Honorable Paul D. Borman
                                Magistrate Judge Elizabeth A. Stafford
        Intervenor,

v.

DR. EDDIE JAMES JENKINS, et al.,

        Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE EXPERT TESTIMONY BY WAYNE GRADMAN, M.D. WHICH CONCLUDES DEFENDANT ACTED WITH DELIBERATE INDIFFERENCE [120]

## I. INTRODUCTION

Plaintiff Jerry Washington's First Amended Complaint alleges that

Defendant Eddie Jenkins, M.D. was deliberately indifferent to his serious

medical needs, which resulted in his right leg being amputated below the

knee.  [94].  This case was referred to the undersigned to resolve all pretrial

matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).  [123].  Before the

Court is Jenkins' motion to strike expert testimony by Wayne Gradman,

M.D., which concludes that he acted with deliberate indifference.  [120].

Washington did not respond to Jenkins' motion, and the time to do so has long passed.  The Court will grant the motion.

## II.   ANALYSIS

Jenkins argues that many of Dr. Gradman's opinions are inadmissible under Federal Rule of Evidence 704 because they are legal conclusions that embrace the ultimate issue of whether he was deliberately indifferent to Washington's serious medical needs.  Specifically, Jenkins challenges as inadmissible Dr. Gradman's conclusion that he: (1) "intentionally denied medical care" to Washington, (Deposition of Dr. Gradman at p. 33); (2) acted "with callous indifference or cruel and unusual punishment" (*id.* at p. 17); (3) "needlessly and callously withheld" medical care from Washington (Dr. Gradman Expert Report at p. 8); (4) had a "callous disregard of [Washington]" (*id.* at p. 11); and (5) "displayed callous indifference to Mr. Washington's serious medical condition" (*id.* at p. 14).  The Court agrees with Jenkins.

Although "[a]n opinion is not objectionable just because it embraces an ultimate issue," Rule 704(a), the evidence must still be "otherwise admissible."  *Woods v. Lecureux*, 110 F.3d 1215, 1219 (6th Cir. 1997) (citations omitted).  In *Woods*, the Sixth Circuit affirmed the district court's decision to prohibit the plaintiff's expert witness from using the term

2

"deliberately indifferent" to describe the defendants' conduct. *Id.* In doing so, the Court held that "testimony offering nothing more than a legal conclusion – i.e., testimony that does little more than tell the jury what result to reach – is properly excludable under the Rules." *Id.* at 1220. *See also Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994) ("Although an expert's opinion may 'embrace[ ] an ultimate issue to be decided by the trier of fact[,]" Fed.R.Evid. 704(a), the issue embraced must be a factual one.'").

Here, the above-listed opinions by Dr. Gradman similarly constitute legal conclusions that do "little more than tell the jury which result to reach." *Wood* at 1220. This is not helpful to the jury.

Moreover, whether Jenkins intentionally withheld medical care from Washington, or whether he was deliberately or callously indifferent to Washington's serious medical needs, depends on Jenkins' state of mind, which Dr. Gradman could not know. *Id.* at 1221. The challenged opinions give the false impression that Dr. Gradman has insight into Jenkins' mental state, which is not helpful. "For a witness to stack inference upon inference and then state an opinion regarding the ultimate issue is even more likely to be unhelpful to the trier of fact." *Id.*

Accordingly, Dr. Gradman's opinions at issue, and all other similar

3

opinions not listed which offer nothing more than a legal conclusion, are

struck from the record.  Washington cannot rely on these inadmissible

opinions to oppose summary judgment.

**IT IS ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 30, 2015

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which

provides a period of fourteen (14) days from the date of receipt of a copy of

this order within which to file objections for consideration by the district

judge under 28 U. S. C. §636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served
upon counsel of record and any unrepresented parties via the Court's ECF
System to their respective email or First Class U.S. mail addresses
disclosed on the Notice of Electronic Filing on January 30, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager